

|  | THE CITY OF NEW YORK |  |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **EVAN J. GOTTSTEIN**<br>*Assistant Corporation Counsel*<br>(212) 356-2262<br>egottste@law.nyc.gov |

January 27, 2023

**By ECF**
Honorable Robert M. Levy
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>Eric DeBerry v. City of New York, et al.</u>
                21-CV-5117 (LDH) (RML)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and the attorney for defendants the above-referenced action. Defendants write to respectfully request the Court's assistance in procuring non-party Kareem Collins's attendance at a deposition, after he has now failed to appear on three separate occasions despite confirming that he would appear. Specifically, defendants request that the Court (1) so-order the attached subpoena commanding Kareem Collins to appear for a deposition on February 1, 2023, attached as Exhibit A, on pain of being held in contempt of Court; (2) order plaintiff's counsel to assist in producing Mr. Collins to the Office of the Corporation Counsel on that date, as they have had success in procuring Mr. Collins for other necessary Court appearances in the past relating to this matter; and (3) warning plaintiff that if Mr. Collins fails to appear on that date without good cause, then he will be precluded from calling Mr. Collins to testify at trial and from arguing that Mr. Collins is unavailable to testify at trial, as defined under the Federal Rules of Evidence.

      By way of background, Kareem Collins was robbed and shot five times on July 11, 1999. In this action, plaintiff alleges that defendant then-detective Patricia Tufo subjected him to malicious prosecution and a denial of the right to a fair trial by improperly pressuring Mr. Collins to identify plaintiff as the man who robbed him and shot him five times. Plaintiff accuses then-Detective Tufo of offering Mr. Collins a favor ("vacating" outstanding bench warrants) if he cooperated in the investigation of the shooting, and threatening to "cause [Collins] to be arrested and imprisoned on felony charges" if he did not cooperate in the investigation. Compl. ¶¶ 50, 54. Plaintiff's heavy-handed accusations against Detective Tufo rest solely on (1) an affidavit signed by Mr. Collins in 2018, which he later testified that he signed but did not author or even read before signing, and (2) inconsistent live testimony at a

hearing in 2019, which the state court found was not credible.[1] Needless to say, plaintiff's 20+ year conviction was largely premised on Mr. Collins's testimony, and the vacatur largely premised on his recantation of same, thus Mr. Collins is the most important witness in this case. Plaintiff identified him in his initial disclosures as an individual whose testimony he may use in support of his claims. Thus, defendants have repeatedly represented to plaintiff and to the Court that Mr. Collins's deposition needed to be completed before defendants could engage in any meaningful settlement discussions in this case.

**Defendants' Efforts to Depose Kareem Collins.** On November 29, 2022, after confirming counsel's availability, defendants issued a subpoena for Mr. Collins to appear for a deposition at the Office of the Corporation Counsel on December 13, 2022. That subpoena was served on Mr. Collins along with the statutory witness fee on December 2, 2022. See Subpoena and Affidavit of Service, attached as Exhibit B. Defendants attempted to call Mr. Collins at the phone number provided in plaintiff's initial disclosures, but received an automated message that that phone number was no longer in service. Mr. Collins did not appear on December 13, notwithstanding the properly served subpoena, but he called defendants' counsel later that afternoon from a different phone number. During that call, Mr. Collins stated that he did not appear because he had to work that day, but he did not work on Mondays and confirmed that he would be available and would come in for his deposition on Monday, December 19, 2022.

Defendants rescheduled the deposition for December 19th and sent Mr. Collins an updated subpoena. See Subpoena and Declaration of Mailing, attached as Exhibit C.[2] The undersigned called Mr. Collins on Friday, December 16, 2022, to remind him of his deposition and he confirmed that he would appear at our office on December 19th at 10:00 a.m. On December 19, 2022, the undersigned called Mr. Collins at 10:40 a.m. because he had not yet appeared for his 10:00 a.m. deposition, and he stated that he "forgot" the deposition was scheduled for that day (notwithstanding the conversation just three days prior) and he stated that we needed to reschedule because he had been "called into work" at a location in the Bronx that day (notwithstanding that he previously stated that he had Mondays off). The undersigned even offered to start his deposition later in the day once he was able to get to our office from his job site, but he refused to come in because it was a big job and he could not leave it that day. Defendants incurred a fee for the court reporter and videographer because of Mr. Collins's failure to appear without giving any advance notice.

Due to counsel's limited availability over the holiday season, the parties rescheduled Mr. Collins's deposition for Monday, January 23, 2023, after Mr. Collins informed the undersigned that he was available on that date and would appear for his deposition. Defendants then served

---

[1] See June 2020 Order at 3, attached as Exhibit G to plaintiff's complaint, ECF No. 1-7 (noting that Kareem Collins "variously testified that he never saw [his sworn affidavit] before [and] never read it," and that he "conceded that Tufo never overtly requested the identification [of plaintiff], but testified that '…she wanted it to come out of my mouth instead of her pointing, saying yo, its him, its him, its him.'").

[2] Defendants sent the second subpoena by First-Class Mail rather than personal service because Mr. Collins stated he was willing to voluntarily appear for his deposition on December 19, 2022, and he confirmed that the first subpoena was sent to the correct address.

Mr. Collins with another updated subpoena. <u>See</u> Subpoena and Affidavit of Service, attached as Exhibit D.  The undersigned again called Mr. Collins on January 20, 2023, and left a message confirming that he still needed to come to our office at 100 Church Street for his deposition on Monday.  The undersigned also called Mr. Collins on Sunday, January 22, 2023, the night before his scheduled deposition, to again remind him of the time *and location* (100 Church Street) of the deposition, and Mr. Collins again confirmed that he would come in at 10:00 a.m. the next morning.  On the morning of the scheduled deposition, at 9:32 a.m., the undersigned again spoke on the phone with Mr. Collins, who stated that he would come into our office for his 10:00 a.m. deposition but he would be "about 15 minutes late."  The undersigned next spoke to Mr. Collins on the phone at 10:56 a.m., and he stated that he was on the 2 or 3 subway train passing the 145th Street station, and I stated that our office was right outside the Park Place stop on that same subway line, which was, at most, 20 minutes away.  At 11:35 a.m., Mr. Collins called the undersigned and stated, "I'm walking into the building now," and I told him to go to our 4th Floor waiting room and I would meet him there.  At 11:41 a.m., Mr. Collins called the undersigned again and stated that he had arrived at the 4th Floor waiting area.  After walking around our entire 4th Floor without seeing Mr. Collins, the undersigned called Mr. Collins at 11:48 a.m., and Mr. Collins claimed that he thought the deposition was at the courthouse at 100 *Centre* Street and had gone to the wrong building.  The undersigned explained that it was only a 15-minute walk from 100 Centre Street to our office at 100 Church Street, and Mr. Collins stated that he knew how to get to Church Street, he would walk over to our office, and he would call me when he arrived.  Thirty-four minutes later, at 12:22 p.m., the undersigned called Mr. Collins again, and Mr. Collins stated that he was on Church Street, asked again for our building number (which was listed on the subpoena), and stated that he was at the junction of Church Street and 6th Avenue in front of the Roxy Cinema.  The undersigned reminded Mr. Collins that our building number was 100 Church Street and told him that he needed to turn around and walk south on Church Street toward the World Trade Center and that it was only about a 10-minute walk from where he said he was.  Twenty-four minutes later, at 12:46 p.m., nearly an hour after Mr. Collins stated he was walking over from New York County Criminal Court at 100 Centre Street, the undersigned called Mr. Collins again, and this time, Mr. Collins did not answer his phone.  He did not answer my next four phone calls over the following half hour.  At approximately 1:22 p.m., counsel for both parties agreed to call off the deposition for the day because it had become clear that Mr. Collins was not going to show up.  The parties, the court reporter, and the videographer wasted more than three hours waiting for Mr. Collins, and incurred fees for this time, which we would not have done but for Mr. Collins's frequent communication with the undersigned and repeated indications that he was on his way.

Then, at 2:16 this afternoon, Mr. Collins called the undersigned.  I asked him what happened on Monday.  According to Mr. Collins, after he started walking to our office from the Roxy Cinema, he stopped into a deli and left his phone there.  He said that he went back to the store when he realized that he forgot his phone, but his phone was no longer there and he had no way of contacting me until he got a new phone today.  But it is unclear why he did not just keep walking to our office without his phone, considering I had just told him we were at building number 100 on Church Street.  Mr. Collins stated that he still intends to appear for a deposition, but given this history, defendants are unclear if he will actually show up again or if there will be a new excuse on the day of the next date scheduled for the deposition.  Therefore, defendants require a so-ordered subpoena and plaintiff's counsel's cooperation to produce Mr. Collins, which they have done in the past, for his deposition.

**Defendants' Request for Court Orders.** Defendants are severely prejudiced not only by Kareem Collins's multiple failures to appear for a deposition, but also by the possibility that he may be attempting to dodge his deposition through deceit. He has twice *agreed to appear* on a particular date and then come up with some implausible excuse to deflect blame for his failures to appear: first he claimed that he was called in to work on his day off and supposedly "forgot" when his deposition was scheduled for, even though he confirmed just three days earlier that he would appear; and then he claimed to have experienced train delays and gone to the wrong building despite having the correct address in the subpoena, being reminded multiple times of the address, and even being told the exact subway stop for this office. It seems that Mr. Collins is unlikely to comply with his obligations under a subpoena and allow defendants to depose him without the Court's assistance.

Pursuant to Rule 45(g) of the Federal Rules of Civil Procedure, an "issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." See Beare v. Millington, No. 07-CV-3391, 2010 U.S. Dist. LEXIS 2501, at *3 (E.D.N.Y. Jan. 13, 2010) (stating that unless the subpoena is improperly issued or the non-party has an adequate excuse, failure to comply with a subpoena made under Rule 45 may be deemed contempt of court). "Indeed, the judicial power to hold a non-party who has failed to obey a valid subpoena in contempt is the primary mechanism by which a court can enforce a subpoena." Id. (citing David D. Siegel, Fed. R. Civ. P. 45, Practice Commentaries, C45-26). Mr. Collins has not provided an adequate excuse for failing to appear for three properly subpoenaed depositions. His first two excuses, having to work, is not adequate for disobeying a subpoena, see Higginbotham v. KCS Int'l, Inc., 202 F.R.D. 444, 455 (D. Md. 2001) (holding that a subpoenaed individual's desire to work instead of attending the deposition is not an adequate excuse), and going to the wrong building after multiple reminders of the correct address and then not coming after losing his phone just minutes up the block—even if true—is also unacceptable. Accordingly, defendants request that the Court so-order Mr. Collins to comply with the subpoena attached as Exhibit A and warn him that he could be held in contempt of Court should he fail to appear again without adequate excuse.[3]

Although a so-ordered subpoena compelling Mr. Collins's attendance is necessary at this point, it is unlikely to be sufficient on its own. Therefore, defendants request that the Court enter a separate order directing plaintiff's counsel to take all reasonable measures to procure Mr. Collins's compliance with the Court-ordered subpoena. These measures should be the same measures plaintiff's counsel have taken in the past to procure Mr. Collins attendance at other Court appearances benefitting their client. For example, during plaintiff's State Court C.P.L. § 440.10 proceedings in 2019-2020, where plaintiff was represented by the much of the same

---

[3] Defendants reserve their right to seek monetary sanctions against Mr. Collins, including an order that he pay the costs of cancelling previous depositions and fees for the attorneys' time spent waiting for him. See Vahlsing v. Commercial Union Ins. Co., 2 Fed. R. Serv. 3d (Callaghan) 348 (D.N.J. Mar. 8, 1985) (non-party was held in contempt and would be ordered to pay $361.50 in costs and $1,057.50 in attorney's fees for refusing to attend deposition after receiving service of subpoena).

counsel, plaintiff's legal team managed to meet with Mr. Collins on at least one occasion prior to the 440 hearing on December 19, 2019, and Mr. Collins somehow managed to appear at Kings County Supreme Court on the *first date* on which he was scheduled to testify at the 440 hearing. Plaintiff is clearly able to procure Mr. Collins's testimony about the subject matter of this action when it benefits plaintiff, and in fact when the entire instant case relies on this testimony, they should be required to do so again now that defendants need to question Mr. Collins about information that is directly related to, but not included in, his 440 hearing testimony.

Therefore, if Mr. Collins again fails to appear or testify at his deposition, defendants reserve the right to move to preclude plaintiff from calling Mr. Collins at trial or from arguing that he is unavailable to testify, as defined by the Federal Rules of Evidence.  See Lewis v. City of New York, No. 12-CV-4433 (JMF), 2013 U.S. Dist. LEXIS 171024, at *1-4 (S.D.N.Y. Dec. 4, 2013) (precluding a witness from testifying at trial because she "failed to appear for a deposition on a total of six different occasions, proffering a range of different excuses," even after "the [c]ourt expressly warned [the] [p]laintiff that if [the witness] failed to appear for the next deposition . . . and did not have good cause for such failure, the [c]ourt 'may well preclude her from testifying at any trial.'")  To that end, defendants request that the Court warn plaintiff that should Mr. Collins fail to appear for his so-ordered deposition without good cause shown, plaintiff may be precluded from arguing that Mr. Collins is unavailable to testify at trial, as defined under the Federal Rules of Evidence.

**Conclusion.**  For the reasons set forth above, defendants respectfully request that the Court order as follows:

(1) So-Ordering the attached subpoena (Exhibit A) for Mr. Collins to appear for a deposition at the Office of the Corporation Counsel on February 1, 2023, at 10:30 a.m., and warning him that if he fails to appear without adequate excuse, he may be held in contempt and ordered to pay monetary sanctions; and

(2) An Order: (a) directing plaintiff's counsel undertake the same measures to procure Mr. Collins's compliance with the Court-ordered subpoena that they have taken to procure Mr. Collins for other Court appearances; and (b) advise plaintiff that if Mr. Collins fails to appear for one more deposition without showing good cause, then plaintiff could be precluded from calling Mr. Collins to testify at trial or arguing that he is an unavailable witness.

Defendants thank the Court for its time and consideration of this application.

Respectfully submitted,

*Evan J. Gottstein*          /s/
Evan J. Gottstein
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc:     All Counsel of Record (via ECF)

5