# EXHIBIT D

Case 1:21-cv-05117-OEM-RML   Document 31-4   Filed 01/27/23   Page 1 of 4 PageID #: 656

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | | |
|---|---|---|
| Eric DeBerry | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 21 Civ. 5117 (LDH) (RLM) |
| The City of New York, Patricia Tufo, Ronald Barcus, and John and Jane Does 1-25 | ) ) ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Kareem Collins
1370 Eastern Parkway, Apt. BA, Brooklyn, NY 11233

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: New York City Law Department<br>100 Church Street, 4th Floor<br>New York, NY 10007 | Date and Time:<br>01/23/2023 10:00 am |
|---|---|

The deposition will be recorded by this method: Stenographic and audiovisual

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: Please sign and bring to the deposition the attached unsealing release pursuant to N.Y. C.P.L. §§ 160.50 and 160.55.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/13/2023

*CLERK OF COURT*

OR _____[signature]_____

*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* The City of New York, Patricia Tufo, and Ronald Barcus _____, who issues or requests this subpoena, are:

Evan Gottstein, Assistant Corporation Counsel, 100 Church St., Rm. 3-189, egottste@law.nyc.gov, (212) 356-2262

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT FOR THE STATE OF NEW YORK, COUNTY OF EASTERN DISTRICT**

Job #: 1618001

| | |
|---|---|
| **Plaintiff:** Eric DeBerry<br><br>-against-<br><br>**Defendant:** The City of New York, Patricia Tufo, Ronald Barcus, and John and Jane Does 1-25 | **Civil Number:** 21 Civ.5117 (LDH) (RLM)<br>**Date Filed:**<br>**File #:**<br>**CSMS #:**<br>**Part:**<br>**Court Date:** 1/23/2023 |

STATE OF NEW YORK, COUNTY OF KINGS, SS.:
**Dwight Morant**, being sworn says:

# AFFIDAVIT OF SERVICE

Deponent is not a party herein; is over the age of 18 years and resides in the State of New York.

On **1/17/2023**, at **5:53 PM** at: **1370 Eastern Parkway, Apt- BA,, BROOKLYN , NY 11233** Deponent served the within **SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVI ACTION**

On: **Kareem Collins**, therein named.

☐ **#1 INDIVIDUAL**
By delivering a true copy of each to said recipient personally; Deponent knew the person so served to be the person described in as said recipient therein.

☒ **#2 SUITABLE AGE PERSON**
By delivering thereat a true copy of each to Connie doe (did not give last name) (Co-Resident) a person of suitable age and discretion. Said premises is recipient's:[] actual place of business / employment [X] dwelling house (usual place of abode) within the state.

☐ **#3 AFFIXING TO DOOR**
By affixing a true copy of each to the door of said premises which is defendants
[] actual place of business / employment [] dwelling house (usual place of abode) within the state. Deponent was unable with due diligence to find defendant or person of suitable age and discretion thereat having called there

☐ **#4 Corporation or Partnership or Trust or LLC**
By delivering thereat a true copy of each to  personally. Deponent knew said corporation/partnership/trust/LLC so served to be the corporation/partnership/trust/LLC described in said aforementioned document as said defendant and knew said individual to be  thereof.

☒ **#5 MAILING**
On 1/17/2023, deponent enclosed a copy of same in a postpaid envelope properly addressed to defendant at defendant's last known [X] Actual Place of Residence [] Actual Place of Business, and deposited the envelope in an official depository, personally or via agency, under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "personal and confidential" and did not indicate on the outside, thereof by return address or otherwise that the communication was from an attorney or concerned an action against the defendant.

☒ **#6 DESCRIPTION**
**Sex**: Female     **Color of skin**: Brown     **Color of hair**: Gray     **Glasses**:
**Age**: 65+   **Height**: 5ft 4in - 5ft 8in     **Weight**: Over 200 Lbs.     **Other Features**:

☒ **#7 MILITARY SERVICE**
I asked the person spoken to whether defendant was in active military service of the United States or the State of New York in any capacity whatever and received a negative reply. The source of my information and the grounds of my belief are the conversations and observations above narrated.

☐ **#8 WITNESS FEES**
Subpoena Fee Tendered in the amount of

☐ **#9 OTHER**
Service GPS Coordinates: LAT: 40.6680294 LONG: -73.9228803

Sworn to before me on 1/17/23

MARGARET SALISU
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01SA6090055
Qualified in Suffolk County
Commission Expires April 7, 2023

Dwight Morant
DCA-2018133

New York City Department of Law - Manhattan - EVAN GOTTSTEIN
100 Church Street 4th Floor
New York, New York
Phone:
Tracking No. 23-0000227

*IREDE PROCESS SERVERS, INC, P.O. BOX 597, BAYSHORE NY 11706 DCA# 2011373*